## COSTLEY ET AL. *vs.* TOWLES, ADM'R.

[BILL IN EQUITY FOR ACCOUNT, &c.]

1. *Bill for discovery and account; when properly filed.*—Where the funds of a partnership, dissolved by the death of one of the partners, have been used by the survivor in the business of his partnership with another, the administrator of the deceased partner may recover the interest of his intestate by a bill for discovery and account against the representative of the survivor who has died, and his surviving partner.

2. *Same.*—In such a suit the complainant may recover against the said surviving partner the amount found due from him to the first partnership, that being the prayer of the bill, and there being an agreement between him and the administrator of the other partner that he should settle the partnership matters.

3. *What objection can not be made for first time in the Supreme Court.*—The objection that the complainant is administrator only by appointment

Costley et al. v. Towles, Adm'r.

of a court of the late Confederate States, can not be made for the first time in this court.

APPEAL from Chancery Court of Chambers.
Heard before Hon. B. B. McCRAW.

The bill was filed by John C. Towles, as the administrator of the estate of Henry L. Wilkerson, deceased, against Warrenton Costley and Samuel Spence as the administrators of the estate of James W. Killam, deceased.  The essential facts of the case are these : Wilkinson & Killam were partners for some time before 1862, when Wilkinson died intestate and Towles was appointed administrator of his estate.  After Wilkinson's death, Killam & Costley formed a partnership to purchase cotton.  They bought about fifteen thousand pounds of cotton at twenty cents a pound.  The bill alleges that Killam used $1675.00 of the moneys of the late firm of Killam & Wilkinson to pay for this cotton, and Costley had notice that the funds thus used belonged to said firm.  After this Killam died intestate and Spence was appointed administrator of his estate.  It was therefore agreed between Towles and Spence, as administrators aforesaid, that Towles should have the management and settlement of the affairs of the late firm of Killam & Wilkinson.  It is further alleged, that after Killam died, Costley took possession of 9,000 pounds of the cotton and sold the same for about $4,500 ; and Costley also loaned 6,000 pounds of said cotton to one Fuller & Brother.  At that time said cotton was worth about 50 cents a pound.  Costley paid some debts of Killam & Wilkinson, in the city of New York, with the proceeds of said cotton.  The bill alleges that the interest of the said firm of Killam & Wilkinson in the proceeds of said cotton was one-half thereof, and that Costley was liable to account for the same, which was about $3,950, less one-half of expenses for selling the same.  It is also shown that Costley refuses to account with Towles for any portion of the proceeds of said cotton, except upon condition that he be allowed credit for the full amount of the debts paid for said firm, which were so paid with the pro-

ceeds of said cotton, and at about one-fifth of their real value, as shown on the face of the notes thus paid. The bill prays for a discovery of the value of the proceeds of the cotton and for an account and general relief.

Costley answered and demurred for want of equity. Spence also answered and admitted the material allegations of the bill. The chancellor overruled the demurrer and decreed the relief asked. From this decree Costley appeals to this court, and here assigns the overruling his demurrer and the decree of the chancellor for error.

GOLDTHWAITE, RICE & SEMPLE, for appellants.—1. Killam & Wilkinson were partners. The bill and decree alike disregard the settled law as to the rights and interests of surviving partners of a mercantile firm.—Parson's on Part. p. 440, *et seq*.

2. The agreement between the administrators of Wilkinson & Kellam had no legal validity. The law will not tolerate it and enforce it. It breaks in upon the settled course of administration prescribed by the law itself. Public policy also forbids such agreements by administrators. Without this agreement the bill is clearly destitute of equity.

W. H. BARNES, *contra*.

(Appellee's brief did not come into Reporter's hands.)

B. F. SAFFOLD, J.—The appellant, Towles, as the administrator of Henry L. Wilkinson, filed his bill praying for an account between the defendant Costley and the firm of Killam & Wilkinson. Samuel Spence, the administrator of Killam, was made a defendant. The grounds upon which the account is claimed are as follows: Costley & Killam being partners in the purchase of cotton, bought 15,000 pounds of cotton at 20 cents per pound; $1675 of the amount paid were funds of the dissolved partnership of Wilkinson & Killam, used in this manner with the assent and concurrence of Towles, Killam & Costley. Kil-

lam having died, Costley, as surviving partner, sold 9,000 pounds of the cotton in New York, at 50 cents a pound, and loaned 6,000 pounds to Fuller, at a time when the price was 40 or 50 cents a pound. With the money obtained he bought claims against the firm of Wilkinson & Killam, and drugs which he afterwards sold on his own account, on a profit. The answer of Costley, though different in some respects from the allegations of the bill, does not materially vary the legal effect of the above statement.

The report of the register, on a decree of reference, ascertains, among other things, that $577.50 of the assets of Wilkinson & Killam, were used by Killam, after the death of Wilkinson, in payment for the cotton, and that after the death of Killam, Towles advanced to Costley, for the same purpose, $1,:00, from the same source. The decree was in favor of the complainant for the balance found due from the defendant Costley to the firm of Wilkinson & Killam. Some exceptions were taken by Costley to the report of the register, which were overruled. As they are not pressed by his counsel, and seem not to be material or indicative of substantial error, we will not consider them.

The principal questions arise on the demurrer to the bill, on the grounds of want of equity, multifariousness and non-joinder of parties.

Killam appropriated some of the assets of his former partnership with Wilkinson to the use of his partnership with Costley. For this his representative was liable to account to the complainant. Again, it was the duty of the complainant to collect the assets of his intestate, and to this end he was entitled to join the surviving partner of Killam with his representative, in order to have a full account of all the assets properly chargeable against the estate of Killam.—Story's Eq Plead. § 178; *Long v. Majestree*, 1 Johns. Ch. R. 305.

The virtue of agreement between the complainant and Spence consists mainly in this; that the only matter in controversy between the two estates is this unsettled business of Killam & Costley. Killam's estate is responsible to Wilkinson's for the profits made by the use of their

partnership funds, and entitled  to  one-half  of  the profits accrued  from  the  partnership  of  Killam  &  Costley  of the proportion of the  assets of  his  partnership,  to which both of  the estates are entitled, will  terminate  all contro-versy.   The demurrer was properly overruled.

. The rule of  law which restricts the right  of  reducing to possession the choses in action,  debts  and other rights of actions, to the surviving partner, or his representative, does not apply with equal force in equity, even if  the  matter of this suit were subjected to its application.—Story on  Part-nership, §§  362,  346,  and note 1.   There  was  no error in rendering the decree in favor of the complainant.   The objection that the complainant is administrator only by ap-pointment of  a  court  of  the late  Confederate  States, can not be made for the first time in this court.

The decree is affirmed.